MATILDA JENCA, A MINOR BY FRANK JENCA, HER NEXT FRIEND

*v.*

STATE OF ILLINOIS.

*Opinion filed May 12, 1917.*

RESPONDEAT SUPERIOR—*doctrine of not applicable to the State.* The rule of respondeat superior is not applicable to the State.

J. W. D'Arcy, for Claimant.

Edward J. Brundage, Attorney General, for State.

Matilda Jenca, aged about seven years while crossing one of the busy streets at Joliet, Illinois, on the morning of October 15, 1916, was injured by being struck by an automobile operated by Miss Mabel Zimmer, whose father was at that time Warden of the Illinois State Penitentiary.

The petition of claimant states that the machine in question was owned by the State of Illinois, and was used by the Warden and his family for business and pleasure, and that the injury sustained by claimant was occasioned by the negligent manner in which the young lady operated the machine.

The State filed a demurrer setting forth, First: That the Doctrine of *respondeat superior* is not applicable to the State. Second: That it does not appear that the person driving the automobile mentioned in the petition was in the employ of the State at the time of the operation of the automobile in question. Third: That the State of Illinois is not liable for the torts of third persons committed against one of its citizens.

This Court has repeatedly held that the doctrine of *respondeat superior* is not applicable to the State, and even though the party in charge of the automobile was an employee of the State, the State would not be responsible for her acts. This being true, it is unnecessary to consider this case further. The demurrer is sustained.